139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny Coval SMITH, Petitioner-Appellant,
v.
Peggy Kernan, War den; Attorney General of the STATE of
California, Respondents-Appellees.
 No. 96-55977.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1998**
Feb. 10, 1998.
 
 Appeal from the United States District Court for the Central District of California Mariana R. Pfaelzer, District Judge, Presiding
 Before: PREGERSON, BEEZER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Johnny Coval Smith ("Smith") appeals pro se the district court's denial of his 28 U.S.C. 2254 habeas corpus petition challenging his conviction for murder, attempted robbery, and robbery. Smith contends that he received ineffective assistance of trial and appellate counsel and claims prosecutorial misconduct.
 
 
 3
 The district court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the district court's decision de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and we affirm.[1]
 
 
 4
 * Smith argues that his trial counsel was ineffective because his attorney (1) failed to move for a mistrial pursuant to Brady v. Maryland, 373 U.S. 83 (1963); (2) failed to move for a continuance; (3) failed to request an evidentiary hearing; (4) failed to contact the attorney who represented Smith at the police lineup; and (5) failed to call Officer Reyna to the witness stand.
 
 
 5
 A habeas petitioner claiming ineffective assistance of counsel must demonstrate that "counsel's performance fell below that of a reasonable attorney, and that counsel's errors created a reasonable probability that, but for the errors, the outcome of the proceeding would have been different." Hamilton v. Vasquez, 17 F.3d 1149, 1155-56 (9th Cir.1994) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984)). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland 466 U.S. at 689.
 
 
 6
 Smith's first three contentions of ineffective assistance of counsel were not presented to the district court. We therefore decline to address them. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 7
 Smith next argues that his trial counsel was ineffective for failing to contact Alfred Pine, the attorney who represented Smith at the police lineup and allegedly could have provided evidence to challenge the fairness of the lineup. Smith's attorney acted reasonably under the circumstances. He did not contact Pine because he was unaware that Smith had been represented at the lineup--the record made no mention of counsel and Smith himself asserted that he "knew of no attorney helping him at the time." Additionally, even assuming counsel was ineffective, there is not a reasonable probability that the exclusion of the lineup would have altered the outcome of the proceeding. Aside from the lineup, there was ample evidence that Smith was the assailant. Both of the surviving victims, Ridley and Harlin, identified him on two additional occasions, in a photo lineup prior to the challenged lineup and in court at trial.
 
 
 8
 Finally, Smith contends he received ineffective assistance of counsel due to his attorney's failure to call Officer Reyna to the witness stand. According to Smith, his counsel should have elicited from Officer Reyna that the murder victim, Toles, failed to identify Smith as the assailant. Smith theorizes that, because Toles knew Smith, Toles' failure to identify Smith would have cast doubt on Ridley and Harlin's identification of him. There is not a reasonable possibility that defense counsel's action prejudiced Smith. The jury was already aware that Smith knew Toles and was presented with no evidence that Toles had identified Smith as his attacker. Additionally, there was ample evidence that Smith was the perpetrator--both Harlin and Ridley identified him on three separate occasions.
 
 II
 
 9
 Smith also claims that his appellate counsel rendered ineffective assistance by failing to raise his own incompetence at trial for (1) failing to properly handle Reyna's report; and (2) failing to timely move for a mistrial pursuant to Brady, 373 U.S. 83.
 
 
 10
 Claims of ineffective assistance of appellate counsel are reviewed according to the standard set forth in Strickland. Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989). The defendant must show that counsel's performance fell below an objective standard of reasonableness and "that there is a reasonable probability that, but for counsel's unprofessional errors, [defendant] would have prevailed on appeal." Id. at 1434.
 
 
 11
 As discussed above, defense counsel's failure to properly handle the Reyna evidence was not prejudicial to Smith. Therefore, there is not a reasonable probability that this ineffective assistance claim would have prevailed on appeal. For the same reasons, the prosecution's failure to disclose the Reyna evidence was not a violation of Brady because there is not a "reasonable probability that the result would have been different had the information been disclosed." United States v. Amlani, 111 F.3d 705, 712 (9th Cir.1997).
 
 III
 
 12
 Smith argues that the prosecutor committed misconduct by indicating to the jury that Officer Reyna had not interviewed Toles at the hospital. Smith's brief identifies specific passages in which the prosection allegedly made improper comments and misrepresentations of the evidence. However, these statements are not the same statements Smith challenged in his habeas petition and we decline to consider them. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994).
 
 IV
 
 13
 Smith contends that the district court abused its discretion in failing to conduct an evidentiary hearing on these issues. "A habeas petitioner is entitled to an evidentiary hearing on a claim if '(1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts.' " Williams v. nCalderon, 52 F.3d 1465, 1484 (9th Cir.1995) (citation omitted). Even if Smith's allegations proved true he would not be entitled to relief because, as discussed above, there is not a reasonable probability that the jury would have reached a different conclusion on these issues. Therefore, the district court did not abuse its discretion in failing to hold an evidentiary hearing.
 
 
 14
 AFFIRMED.
 
 
 
 **
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Smith filed his § 2254 petition before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996; therefore, we evaluate his motion under the pre-amended version of the statute. Lindh v. Murphy, 117 S.Ct. 2059, 2061 (1997)